# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK N.A., A NATIONAL
ASSOCIATION,
Appellant,
vs.
SKY LAS VEGAS CONDOMINIUM
UNIT-OWNERS' ASSOCIATION,
Respondent.

No. 69742

**FILED**

JUL 2 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Susan Johnson, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate the judgment and remand for further proceedings.

Appellant U.S. Bank argues that NRS Chapter 116's foreclosure scheme violates its due process rights and constitutes an impermissible governmental taking. U.S. Bank also argues that this court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 334 P.3d 408 (2014), should be applied prospectively only. We disagree as explained in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017) (rejecting due process

18-27729

and takings arguments), and *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017) (rejecting retroactivity argument).[1]

U.S. Bank also argues that the district court erred in granting summary judgment without allowing a continuance to conduct discovery related to equitable grounds to set aside the foreclosure sale. We agree. Of relevance, *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev. 49, 59-60, 366 P.3d 1105, 1111-12 (2016), explained that the conclusive effect of the recitals included in a trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief when the party challenging the sale can show that the sale was affected by fraud, unfairness, or oppression. *See Nationstar Mortg. v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 406 P.3d 641, 647-49 (2017). U.S. Bank's NRCP 56(f) declaration sought discovery into issues implicating fraud, unfairness, or oppression. Because *Nationstar* and *Shadow Wood* were decided after the district court granted summary judgment, we conclude that a remand is proper so the district court can consider U.S.

---

[1]We also disagree with U.S. Bank's representation that Section 13.2 of the CC&Rs contains an enforceable mortgage savings clause. Setting aside the holding in *SFR Investments*, 130 Nev. at 757, 334 P.3d at 419, that NRS 116.1104 prohibits an HOA from waiving its superpriority lien right, Section 13.2 contains no language that could be construed as preserving U.S. Bank's deed of trust upon the HOA's foreclosure. Moreover, Section 6.6 of the CC&Rs expressly provides the HOA with a superpriority lien right "pursuant to NRS Section 116.3116(2)."

Bank's NRCP 56(f) request.[2]  Accordingly, we conclude that summary judgment on this record was improper, and we therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ *Pickering* , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:   Hon. Susan Johnson, District Judge
      Lansford W. Levitt, Settlement Judge
      Ballard Spahr LLP/Las Vegas
      The Clarkson Law Group, P.C.
      Eighth District Court Clerk

---

[2]Respondent argues that much of the discovery U.S. Bank wishes to conduct pertains to information that is already accessible to U.S. Bank, such as whether the superpriority portion of the lien was tendered before the foreclosure sale.  While this argument is well taken, we believe that issues involving the scope of discovery are better left for the district court's consideration in the first instance.